UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

BRIAN C. MENGE,

    *Plaintiff,*

— *vs.*—

LRIS LLC, *an Oregon Domestic Limited Liability Company*, the PBPA, *an Illinois Nonprofit Corporation* and ROCKFORD POLICEMEN'S BENEVOLENT & PROTECTIVE ASSOC., UNIT 6, *an Illinois Nonprofit Corporation* and KHURSHEED ASH-SHAFI, individually and *in his capacity, as a government Official, jointly and severally as*,    *Defendants*

Case No.
Hon.

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

**NOW COMES** the Plaintiff, **BRIAN C. MENGE**, through his counsel, and hereby files his Complaint against the Defendants and requests a jury trial thereon. Plaintiff alleges the following:

**PARTIES**

  1.  Plaintiff **BRIAN C. MENGE** (hereinafter **MENGE**) is an individual who at all relevant times resided in the city of Taylor, county of Wayne and state of Michigan. **MENGE,** is a former police detective formerly employed with the Highland Park Police Department (hereinafter **HPPD**). Plaintiff was hired by the **HPPD** on July 18, 2014, and was promoted to the rank of detective on October 8, 2014.

2. Defendant **LRIS LLC**, is an Oregon Domestic Limited Liability Company, licensed, and organized under the laws of the state of Oregon.

3. Defendant **PBPA** is an Illinois nonprofit corporation, organized and existing under the laws of the state of Illinois.

4. Defendant the **PBPA**, **UNIT 6** is an Illinois domestic limited liability company, organized and existing under the laws of the state of Illinois and upon information and belief is an affiliate origination to **PBPA**, an Illinois nonprofit corporation

5. Defendant **PBPA** is upon information and belief doing business in and a citizen of the State of Illinois.

6. Defendant **LRIS LLC** is upon information and belief doing business in and a citizen of the State of Oregon.

7. Defendant **PBPA, UNIT 6** is upon information and belief doing business in and a citizen of the State of Illinois.

8. Defendant Councilman **KHURSHEED ASH-SHAFI**, (hereinafter **ASH-SHAFI)** is a duly-elected member of the Highland Park City Council, and is a policy maker of said municipality. **ASH-SHAFI** at all times herein alleged acted in his capacity as a government official acting under the color of law as alleged in Case No. 23-cv-11339, now pending in this Court.

## JURISDICTION

9. This matter is properly within the jurisdiction and venue of The United States District Court for the Eastern District of Michigan Southern Division. This action involves claims between parties of diverse citizenship and a federal claim under 42 U.S.C. §1983.

10. The federal courts have diversity jurisdiction where there is complete diversity of citizenship between the parties. *Akno 1010 Mkt St. St. Louis Missouri LLC v. Nahid Pourtaghi,* 43 F.4th 624, 626 (6th Cir. 2022). See also, 28 U.S.C. §1332(a).

11. Diversity jurisdiction exists in this matter under 28 U.S.C. §1332 because Plaintiff is a citizen of the state of Michigan and none of the foreign Defendants are citizens of Michigan.

12. Federal question jurisdiction exist against Defendant **ASH-SHAFI** under 28 U.S.C. §1343(a)(3).

13. Defendant **PBPA, UNIT 6**, is citizen of the State of the State of Illinois and upon information and belief is doing business in Illinois.

14. Defendant **PBPA** is citizen of the State of the State of Illinois and upon information and belief is doing business in Illinois.

15. Defendant **LRIS LLC** is a citizen of and upon information and belief doing business in the State of Oregon.

16. The etiology of Defendant **ASH-SHAFI'S** liability stems from his publication and republication of his defamatory remarks by co-Defendants **LRIS LLC, PBPA, UNIT 6** and **LRIS**.

17. Defendant **ASH-SHAFI'S** liability, in this matter also stems from his animus against and disparate treatment of Plaintiff based upon Plaintiff's race as a Caucasian, as hereinafter alleged.

18. A foreign corporation that causes an injury in Michigan by publishing a defamatory article on the internet is subject to Michigan long-arm jurisdiction.

19. Michigan's long-arm statute, specifically MCL §600.715(2), provides that the state may exercise limited personal jurisdiction over a corporation if it causes an act to be done, or consequence to occur, in the state resulting in an action for tort. MCL §600.715[1].

20. It was foreseeable by the non-resident foreign corporate Defendants herein that their defamatory statements would be published in Michigan, thus causing consequences in Michigan.

21. It was not only foreseeable the foreign Defendants knew it was inevitable the defamatory publication would be published in all fifty states indeed globally as the publications were placed on the internet.

22. The foreign corporation Defendants herein by publishing defamatory content online with the knowledge that it will be accessed in Michigan establishes

5

sufficient minimum contacts for purposes of jurisdiction.

23.     The foreign Defendant's intentional conduct aimed at causing harm to **MENGE** in Michigan establishes jurisdiction in this forum in defamation litigation. *Calder v. Jones*, 465 U.S. 783 (1984).

24.     The foreign Defendants' slanderous publication are specifically directed at **MENGE** and stem from Illinois and Oregon.

25.     The foreign Defendants' slanderous publication targets MENGE and is also about the Highland Park Police Department

26.     All foreign corporate Defendants are subject to Michigan's long arm jurisdiction because the defamatory internet postings create a substantial connection with Michigan, especially where the postings are directed specifically at a Michigan resident, to wit: **MENGE**.

27.     The foreign corporation Defendants' slanderous publications of articles specifically directed at and targeting Plaintiff establishes sufficient meaningful contacts and ties such that subjecting them to jurisdiction in Michigan does not offend traditional notions of fair play, and substantial justice and is consistent with the restrictions of U.S. Const. Amend. 14, §1.  See *Cole v Doe,* 77 Mich. App. 138, 143 (1977) (court concluded where a foreign defendant's republication of appellant's alleged slander in Michigan as a clearly foreseeable and conceivably intentional consequence of the original publication, established

"sufficient minimum contact" with Michigan and subject to its long arm jurisdiction).[1] Id.

28. The foreign Defendants did foreseeably or intentionally cause the act of publication to be done and the consequences to occur in Michigan.

29. The foreign corporation Defendants have engaged in internet defamation with knowledge it would be accessed in Michigan and this activity supports the conclusion these Defendants, reasonably expected to be sued in Michigan and establishes the necessary minimum contacts for jurisdiction in Michigan.

30. By engaging in online activity, publishing defamatory information in Michigan, the foreign corporations should reasonably be subjected to federal jurisdiction in Michigan.

31. The foreign Defendants by publishing defamatory internet information in Michigan has purposefully availed itself of conducting activities in Michigan invoking the benefits and protections of Michigan laws and maintaining minimum contacts with the state of Michigan.

32. By publishing a defamatory article directed and targeted at **MENGE**, a Michigan resident and also a Michigan municipality, Defendants have sufficient

---

[1]. The appeal in Cole, supra, was from an Order by the late Hon. U.S. District Court Judge Horace W. Gilmore. sitting in the Third Judicial Circuit Court. Id.

contacts with the state for the exercise of federal court jurisdiction.[2]

33. By targeting a Michigan resident with defamatory publications in the state of Michigan, the foreign Defendants have established sufficient minimum contacts with the state to be subjected to the state's jurisdictional long-arm statute.

34. The defamatory article was drawn from Michigan sources, and the Brunt of the harm, in terms both of Plaintiff's damages and the injury to his reputation was suffered in Michigan. **"Exhibit A."**

35. The article focuses exclusively on **MENGE**, Highland Park, the HPPD, Michigan and **MENGE's** companion litigation in Case Number 23-11139, pending in this court. In sum, Highland Park Michigan is the focal point of the story and of the harm suffered. Jurisdiction over the corporate foreign Defendants is therefore proper in Michigan, based on the "effects" of their foreign conduct in Michigan. (See *Calder, supra.*)

## FACTUAL BACKGROUND

36. The Plaintiff repeats and re-alleges each and every allegation set forth and contained in the paragraphs of the complaint marked "1" through "35"

---

[2] In *Calder v. Jones*, 104 S.Ct. 1482, 1486-87 (1984), the Supreme Court held that it was proper for a court in California to exercise jurisdiction over two Florida newspapermen in a libel action. The court's decision was based on the newspapermen's conduct in Florida, which was allegedly calculated to cause injuries to the Plaintiff, a California resident.

8

inclusive, as fully as though herein set forth verbatim.

37. On or about October 11, 2024, the foreign Defendants **PBPA, PBPA UNIT 6** and **LRIS** collectively and individually republished on the internet a false, defamatory statement indicating Plaintiff "**BRIAN MENGE** was a detective for the Highland Park Police Department in Michigan. **MENGE** was terminated from employment and subsequently sued the city resulting in a settlement." See "**Exhibit A.**"

38. The statement republished by foreign Defendants "**MENGE** was terminated from employment," is false and defamatory and is defamation *per se*, under the laws of Michigan, Illinois and Oregon.

39. The statements indicating **MENGE** was terminated, fired or Discharged from his position as a detective with the HPPD stems from a post by Highland Park City Councilman Defendant **ASH-SHAFII,** which was published by **ASH-SHAFII** on the internet on or about March 22, 2024, on the "Concerned Citizens of Highland Park" webpage.

40. Upon information and belief Defendant **ASH-SAHFI** on or about March 22, 2024, originally published the defamatory lie that Plaintiff was fired from his employment by publishing an article at the" Concerned Citizens of Highland Park" webpage on the internet stating as follows:  This is shameful "Officer menge (sic) was fired and sue the city. . ." See **Exhibit "B".**

9

41. As of the filing of this Complaint the defamatory publications Concerning **MENGE** being fired from his employment is still assessable via internet search and identifies the corporate Defendants as the publishers. **Exhibit "A."**

42. On or about June 5, 2025, Plaintiff through his undersigned counsel demanded a retraction from Defendant **PBPA UNIT 6**, of the libel and slanderous publication.

43. Since Plaintiff's June 5, 2025, demand for a retraction, Defendants **PBPA** and upon information and belief, Defendant **LRIS LLC**, have removed the false publication from some web sites of the internet, but nevertheless the publication remains accessible via internet, globally, using a google search.

44. On or about June 10, 2025, Plaintiff through his undersigned counsel demanded a retraction from Defendant **LRIS LLC**, of the libel and slanderous publication.

45. To date, no retraction has been published by any Defendant.

46. There has never been any factual basis for Defendants' libel and slander and the slanderous statements Plaintiff was fired or terminated were either intentionally and/or recklessly and collectively published and republished by **ASH-SHAFI** and the foreign Defendants.

47. The Plaintiff is currently a private detective and has been asked about

the slanderous allegations, while being cross examined in court as a retained private detective witness, damaging Plaintiff's reputation professionally, and impugning his professionalism.

48. Where words have been spoken in relation to employment or business, the law considers the publication slander *per se* and presumes damage to employment or business.

49. Plaintiff's professional reputation and business interest have been damaged by virtue of the fact that when testifying as witness he will be asked to explain and disprove slanderous allegations created and published intentionally, recklessly and republished intentionally, recklessly by the corporate foreign Defendants herein.

50. **ASH-SHAFI'S** defamatory statements were retaliatory against Plaintiff based upon Plaintiff's exercise of his right under the constitution to petition the government for redress of grievances and his exercise of his right to free speech, as alleged in Civil Action 21-cv-10152.

51. **ASH-SHAFII** defamatory statements were also discriminatory against Plaintiff based upon Plaintiff's race as a Caucasian male.

52. Defendant **ASH-SHAFII** has recently publicly expressed his hatred against police officers in his official capacity as a councilman during an official

11

Highland Park City Council meeting on June 16, 2025, as follows: "I despise the police, I loathe the police, may they burn in hell in this life and the next, that's how I feel . . .I wouldn't care if you had a heart attack and dropped dead right here and now."

53. Immediately after the meeting **ASH-SHAFI** approached HPPD Police Chief McMahon (who is the Police Chief of the HPPD, and also Caucasian) requesting a light for his cigar and when McMahon attempted to answer, **ASH-SHAFI** interrupted: "I'm talking to the brother, I don't like white police officers, I'm talking to the brother" and "you might be late for a Klan meeting."

54. **ASH-SHAFI** statements to Police Chief McMahaon as alleged above are direct evidence of his discriminatory intent and racial animus against **MENGE**.

55. On or about March 10, 2025, Defendant Ash-Shafi was interviewed On local Channel 7 Nes and stated as follows: Q. "Simon Shaykhat: Did you call the officers white Nazis?  A. **ASH-SHAFI**: Uh absolutely, and I stand by that statement."[3]

56. **ASH-SHAFI'S** discriminatory intent against **MENGE** is evidenced by his discriminatory and racist statements against Caucasian police officers as herein alleged.

---

[3] https://youtu.be/kDIuXhPtMi4?si=njXLk_i7D52pdLlK

57. **ASH-SHAFI'S** express acknowledgement of his racial animus against Caucasian police explains his actions against **MENGE** and is direct evidence of **ASH-SHAFI'S** racial bias, motive and discriminatory actions and is demonstrative *prima facia* evidence of Plaintiff's §1983 claim.

58. **ASH-SHAFI** did not afford Plaintiff any adequate procedural rights prior to depriving Plaintiff of his liberty interest to be free from racially motivated, retaliatory actions by government officials for exercising his rights under the Constitution.

59. **ASH-SHAFI** did not afford Plaintiff any procedural process prior to depriving Plaintiff of his liberty and property rights protected by the U.S. Constitution.

## COUNT I
## SLANDER PER SE

60. The Plaintiff repeats and re-alleges each and every allegation set forth and contained in the paragraphs of the complaint marked "1" through 59" inclusive, as fully as though herein set forth verbatim.

61. By virtue of the premises as herein alleged the foreign Defendants are Jointly and severally liable to Plaintiff for the tort of slander *per se*.

62. The foreign Defendants are jointly and severally liable to Plaintiff for damages which are presumed.

63. The defamatory publications also input unfitness to perform the

13

duties of detective and prejudices Plaintiff in his profession as a detective and private investigator and therefore qualifies as slander *per se*.

64. Based upon the facts alleged above the foreign Defendants are all liable to **MENGE** for the tort of slander *per se*.

**WHEREFORE** Plaintiff respectfully prays this honorable Court will enter judgment in his favor and against the foreign Defendants jointly and several for $5,000,000.00 five Million Dollars or for whatever amount a jury determines, plus awarding Plaintiff, costs and attorney fees, equitable relief and punitive damages as determined by jury. Plaintiff further request the Court to award any other relief which the Court deems Plaintiff entitled

## COUNT II
## REPUBLICATION

65. **MENGE** repeats and re-alleges each and every allegation set forth and contained in the paragraphs of the complaint marked "1" through "64" inclusive, as fully as though herein set forth verbatim.

66. Based upon the facts alleged above **ASH-SHAFI** is liable for the republication of the slanderous statements by Defendants **LRIS LLC, PBPA, PBP UNIT 6** and **LRIS**.

67. **ASH-SHAFI** is also liable for any other republication which potentially exist and maybe discovered during the course of this litigation, or that may occur in the future.

14

68. Foreign Defendants **LRIS LLC, PBPA, PBP UNIT 6** and **LRIS** are also liable for their publication and any future or ongoing republication of their slanderous publications.

**WHEREFORE** Plaintiff respectfully prays this honorable Court will enter judgment in his favor and against Defendants jointly and several for $5,000,000.00 five Million Dollars or for whatever amount a jury determines, plus awarding Plaintiff, costs and attorney fees, equitable relief and punitive damages as determined by jury. Plaintiff further request the Court to award any other relief which the Court deems Plaintiff entitled.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983

66. The Plaintiff repeats and re-alleges each and every allegation set forth and contained in the paragraphs of the complaint marked "1" through "65" inclusive, as fully as though herein set forth verbatim.

67. By virtue of the premises as hereinbefore alleged **ASH-SHAFI** is guilty of violation of the **MENGE'S** rights under the Fourteenth Amendment of the U.S. Constitution, to be free from governmental, discriminatory treatment based upon race.

69. By virtue of the premises as herein alleged, **MENGE'S** rights under the First and Fourteeth Amendments guarantee of due process of law were violated by **ASH-SHAFI'S** conduct as herein alleged and said conduct infringed upon **MENGE'S** fundamental liberty interest to be free from governmental discrimination

15

based upon his race.

70. By virtue of the premises as herein alleged, **MENGE'S** rights under the First Amendment and to petition the government for redress of grievances under the First Amendment (filing suit against a municipal government), and to be free from government discrimination based upon race, for exercising said rights.

71. Plaintiff's rights as herein alleged are implicit in the concept of ordered liberty and are protected by the due process clause of the Fourteenth Amendment.

70. **ASH-SHAFI** is liable to Plaintiff for damages including punitive damages pursuant to 42 U.S.C. §1983.

**WHEREFORE** Plaintiff respectfully prays this honorable Court will enter judgment in his favor and against **ASH-SHAFI** for $2,000,000.00 two Million Dollars or for whatever amount a jury determines, plus awarding **MENGE** costs and attorney fees, equitable relief and punitive damages as determined by jury. Plaintiff further request the Court to award any other relief which the Court deems Plaintiff entitled.

Dated: June 30, 2025

                                              By: *Robin Kyle*
                                              Robin H. Kyle (P-33330)
                                              Attorney for Plaintiff Brian Menge
                                              8120 E. Jefferson Ave. Suite 3E
                                              Detroit, Michigan 48214
                                              Cell: 313-492-2691
                                              Office: 313-469-7322
                                              robinhkyle@comcast.net

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

BRIAN C. MENGE,

      *Plaintiff,*             Case No.
                                         Hon.

      v.

LRIS LLC, an Oregon Domestic Limited
Liability Company, the PBPA, an Illinois
Nonprofit Corporation and Rockford Policemen's
Benevolent & Protective Assoc., Unit 6, an Illinois
Nonprofit Corporation,
jointly and severally

      *Defendants*

---

## JURY DEMAND

Now comes the Plaintiff by and through his undersigned attorney and hereby demands a trial by jury in the above captioned matter.

Dated: June 30, 2025

                                                   By: *Robin Kyle*
                                                   Attorney for Plaintiff Brian Menge
                                                   8120 E. Jefferson Ave. Suite 3E
                                                   Detroit, Michigan 48214
                                                   Cell: 313-492-2691
                                                   Office: 313-469-7322
                                                   robinhkyle@comcast.net
                                                   jcdrhk@msn.com