UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN C. MENGE,

        Plaintiff,                      Case Number 25-11964

v.                                    Honorable David M. Lawson

LRIS, LLC; and KHURSHEED
ASH-SHAFII,

        Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION TO STRIKE AMENDED COMPLAINT**

The plaintiff in this defamation case previously filed a motion for leave to file an amended complaint. In accordance with the local rule, E.D. Mich. LR 15.1, he attached a proposed amended complaint for the Court's consideration. After the Court granted the motion for leave to amend, the plaintiff filed an amended complaint that was materially different than the proposed amended pleading attached to his motion for leave to amend. Defendant Khursheed Ash-Shafii now has filed a motion to strike the filed amended complaint, which the plaintiff opposes. The Court heard oral argument on the motion on December 18, 2025. Because the amended complaint as filed varies materially from the proposed amended pleading, and because it purports to add defendants who previously were dismissed from the case for want of personal jurisdiction, the motion will be granted, and the amended complaint will be stricken.

I.

As discussed in the Court's previous opinion, ECF No. 56, this case amounts to an extension of a previous defamation action brought by plaintiff Menge, a former police officer, against officials in the City of Highland Park, Michigan, including defendant Ash-Shafii, who is a city councilman. In the earlier lawsuit, *Menge v. City of Highland Park*, No. 21-10152 (E.D.

Mich.), which was dismissed by stipulation of the parties on December 2, 2022, Menge alleged that Ash-Shafii defamed him by publishing statements that Menge was fired from his position as a police officer for misconduct. Menge sues defendant Ash-Shafii in this case for repeating those statements, and he alleges that the other defendants republished them, including the remaining co-defendant LRIS, LLC.

In this case, Menge also sued two other entities, PBPA and Rockford Policemen's Benevolent and Protective Association, Unit 6. Those two entities filed motions to dismiss, arguing that the Court lacked personal jurisdiction over them. After full briefing, the Court granted those motions and dismissed those parties from the case. ECF No. 56, PageID.618-28.

In the same opinion, the Court entertained the plaintiff's motion for leave to amend his complaint, which he filed ostensibly to address issues related to questions that were raised by the Court in earlier show cause orders asking the parties to justify the assertion of subject matter jurisdiction. When granting the motion to amend, the Court wrote:

> The PBPA defendants argue that the proposed amendment should be denied as "futile," but that argument completely overlooks *the substance of the proposed revisions* to the pleading, which are aimed exclusively at bolstering the jurisdictional facts relating to citizenship of the parties. The merits of the defendants' grounds for dismissal are discussed in depth below. However, as to *the specific revisions that the plaintiff proposes to make* to shore up the allegations of party citizenship, the defendants have not established that those revisions would be in any way futile or unsatisfactory to address the jurisdictional questions identified in the Court's order to show cause (which was dismissed after the plaintiff submitted the same responsive details *that he now proposes to integrate in his amended pleading*). The defendants will not be prejudiced by the amendment, and they have not offered any good reason to deny leave to amend, which generally is permitted freely in the early stages of litigation. The motion to amend the complaint will be granted.

ECF No. 56, PageID.617-18 (emphasis added).

The amended complaint that was filed bears little resemblance to the proposed amended complaint that was attached to the plaintiff's motion for leave to amended. The proposed amended

complaint contains 76 numbered paragraphs over 18 pages and alleges three counts. *See* ECF No. 32-1. The amended complaint as filed contains 128 numbered paragraphs over 33 pages and alleges four counts (although two of the counts are identified as "Count III"). Moreover, the amended complaint purports to plead claims against PBPA and Rockford Policemen's Benevolent and Protective Association, Unit 6, over whom the Court had determined that it had no personal jurisdiction.

In his motion to strike the amended complaint, defendant Ash-Shafii argues that the amended pleading should be stricken because it attempts to reinsert parties into the suit who were dismissed by the Court's prior ruling, and it contains more than 50 substantive allegations against the moving defendant that were not contained in the proposed amended complaint. The plaintiff responds that his amended complaint does not constitute the type of paper subject to striking under Civil Rule 12(f), and the order granting leave to amend did not include any restrictions on the plaintiff's new filing.

II.

A district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). One function of a motion to strike is to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

At this stage of the case, the plaintiff must obtain leave of court before filing an amended complaint. Fed. R. Civ. R. 15(a)(2). Eastern District of Michigan Local Rule 15.1 specifies that

"[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." It is self-evident that the purpose of this rule is to allow the opponent and the Court the opportunity to be fully informed on the substance of the proposed amendment when briefing and ruling on a motion to amend where leave of Court is required. "To permit a party to ask the Court for leave to file a complaint attached to its motion to amend and then allow it to file an entirely different complaint would defeat the purpose of attaching the proposed amended complaint in the first place." *Runser v. City of Dayton*, No. 21-160, 2021 WL 5918886, at *1 (S.D. Ohio Dec. 15, 2021).

A bait-and-switch tactic like this renders the supernumerary amended complaint "impertinent" within the meaning of Rule 12(f). In similar circumstances, other federal courts have struck pleadings that either strayed from the exemplar proposed or attempted to plead claims precluded by prior rulings of the Court. *E.g.*, *Fraley v. Gen. Motors, LLC*, No. 16-14465, 2021 WL 764127, at *2 (E.D. Mich. Feb. 26, 2021) ("Despite these clear directives, Plaintiff filed a 'Third Amended Complaint' which includes an entirely new [Count V]. In addition, Plaintiff supplemented Counts I-IV with additional claims that violate the strictures of the Court's Order as well. Defendant moves to strike the entire Third Amended Complaint as in violation of the Court's Order, or in the alternative, to strike those portions not explicitly approved by the Court's Order. The motion is well-taken and will be granted."); *Vella v. Adell Broad. Corp.*, No. 13-10061, 2014 WL 12923401, at *2 (E.D. Mich. Dec. 17, 2014) ("It appears that plaintiff inadvertently included the PDCRA count instead of the ADA count in the second amended complaint, and then used that template to add the PDCRA and loss of consortium claim in the proposed third amended complaint. Drafting errors are excusable, and indeed, the Court makes errors of its own. In this instance, neither the Court nor the defendant noticed the error, and accordingly, no prejudice or harm

resulted. However, the Court will strike the second amended complaint as non-conforming to its order granting plaintiff's motion to amend. Furthermore, plaintiff is directed to correct the proposed third amended complaint to conform to its representations in this motion.").

Moreover, the plaintiff's attempt unilaterally to reinsert parties into the litigation against whom all claims were dismissed for want of personal jurisdiction is a procedurally improper maneuver contrary to the Court's prior ruling on the PBPA defendants' motion to dismiss. The appropriate avenues to resurrect claims against the dismissed parties would have been either (1) a motion for reconsideration demonstrating legal or factual error on the prior record in the Court's ruling, *see* E.D. Mich. LR 7.1(h)(2), or (2) a properly supported second motion for leave to amend demonstrating that a proposed amendment with revised jurisdictional allegations against the PBPA parties would not be futile, and that the tardy effort to amend ought to be excused despite the plaintiff's previous failures to allege a sufficient basis for personal jurisdiction over the PBPA defendants, *see Baldwin v. Klee*, No. 16-13143, 2017 WL 1160625, at *4 (E.D. Mich. Mar. 29, 2017) ("[T]he attachment of a proposed first amended complaint is important here, because, as noted in the previous paragraph, Plaintiff is asking the Court to re-instate defendants who have already been dismissed. The attachment of a proposed first amended complaint would allow the Court to assess whether Plaintiff's proposed amended claims are futile — as would be the case if his theory of the case rests upon the same bases that previously resulted in dismissal — or whether they state a claim upon which relief may be granted under an altered theory.").

In this instance, the plaintiff has skirted those legitimate avenues for relief. Attempts to reinsert dismissed parties unilaterally without proper notice to the opponents and without making any effort to seek the Court's authorization to proceed cannot be countenanced.

III.

The Court previously granted the plaintiff leave to file an amended complaint making specific reference to the proposed amended pleading attached to the motion to amend. He did not file that amended pleading, and instead submitted an amended complaint that never was contemplated or evaluated by the Court or the other parties. That action was patently impertinent and improper.

Accordingly, it is **ORDERED** that defendant Ash-Shafii's motion to strike the filed amended complaint (ECF No. 62) is **GRANTED**.

It is further **ORDERED** that the amended the complaint (ECF No. 60) is **STRUCK**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 19, 2025